622 F.Supp. 25 (1985)
In the Matter of the Arbitration between TRANSATLANTIC BULK SHIPPING LTD., Petitioner,
and
SAUDI CHARTERING S.A., Respondent.
No. 84 Civ. 3054 (PNL).
United States District Court, S.D. New York.
April 16, 1985.
Poles, Tublin, Patestides & Stratakis, New York City, for petitioner.
*26 Burlingham, Underwood & Lord, New York City, for respondent.

MEMORANDUM AND ORDER
LEVAL, District Judge.
Petitioner, Transatlantic Bulk Shipping Ltd., moves, pursuant to 9 U.S.C. § 207, for confirmation of an arbitration award rendered in London against respondent, Saudi Chartering S.A.

Background
Transatlantic is a corporation organized in Liberia engaged in ocean carriage. Saudi, a Panamanian corporation with its principal place of business in Greece, made a time charter party on January 27, 1984, with Transatlantic for transport of Saudi's cargo from the Gulf of Mexico to the Middle East on Transatlantic's vessel. Clauses 17 and 72 of the charter party provided for arbitration of disputes in London. On May 30, 1984, Transatlantic notified Saudi of its intention to arbitrate for Saudi's failure to pay the charter hire. Saudi sent a telex to the arbitration panel admitting liability for the claim. On August 1, 1984, the London arbitrators made a written award in favor of Transatlantic of $476,218.04 plus 12% interest and costs. Saudi has not paid any part of this award.
Transatlantic moves to confirm the arbitration award under the provisions of the U.N. Convention on the Recognition and Enforcement of Foreign Arbitral Awards, 9 U.S.C. § 201 et seq. Saudi argues in opposition on three grounds: 1) the court lacks personal jurisdiction over Saudi; 2) Transatlantic is not the proper party to enforce the award; and 3) the imposition of attorneys fees and the rate of prejudgment interest under the award was improper.

Discussion
Transatlantic contends that jurisdiction is conferred by the Convention on Recognition and Enforcement of Foreign Arbitral Awards and the implementing legislation, 9 U.S.C. §§ 201 et seq. It is not disputed that this arbitration agreement falls under the Convention. Concerning actions to enforce or recognize arbitral awards arising from such agreements, Section 203 provides:
"An action or proceeding falling under the Convention shall be deemed to arise under the laws and treaties of the United States. The district courts of the United States ... shall have original jurisdiction over such an action or proceeding, regardless of the amount in controversy."
Section 207 provides:
"Within three years after an arbitral award falling under the Convention is made, any party to the arbitration may apply to any court having jurisdiction under this chapter for an order confirming the award as against any other party to the arbitration. The court shall confirm the award unless it finds one of the grounds for refusal or deferral of recognition or enforcement of the award specified in the said Convention."
Although not disputing that the district court is empowered by the statutes quoted above to hear such actions affecting parties that are before the court, Saudi argues that the court has no personal jurisdiction over it. It acknowledges that process was served on it in Greece pursuant to Rule 4(e), F.R.Civ.P., but argues that its conduct furnishes no basis for a federal court in New York to exert power over it. It has no office, bank account, employee, agent or person authorized to receive process in New York. It does not transact business in New York, nor has it committed tortious acts in New York. The vessel did not call in New York. The charter party was not negotiated or made in New York nor does it consent to New York jurisdiction or adopt New York law.
I find that Transatlantic's reliance on the statutes implementing the Convention is misplaced and confuses two distinct issues of the court's power, both confusingly described by the word "jurisdiction."
The Act adopting and enforcing the Convention, in particular §§ 203 and 207, gives the district courts "original jurisdiction over such an action or proceeding." In this respect it is comparable to 28 U.S.C. *27 §§ 1330, 1331 and 1332 which authorize federal courts to act in certain suits against a foreign state, in "actions arising under the Constitution, laws or treaties of the United States," and in actions between "citizens of different States ... etc." When a plaintiff seeks to invoke the court's power in such a case, a separate question arises whether the defendant, as a person, is properly subject to the court's power. The fact that the court can hear suits between "citizens of different states" does not mean that the court may issue judgments against any defendant in any suit between citizens of different states. The defendant must either reside within the court's power or have acted in such fashion as to bring himself within the court's power before it may issue judgments over him. See International Shoe Co. v. State of Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945).
Similarly, as to the Act implementing the Convention, it authorizes the court to hear a new category of action not previously within its subject matter jurisdiction. It does not, however, give the court power over all persons throughout the world who have entered into an arbitration agreement covered by the Convention. Some basis must be shown, whether arising from the respondent's residence, his conduct, his consent, the location of his property or otherwise, to justify his being subject to the court's power.
Bergesen v. Joseph Muller Corp., 548 F.Supp. 650 (S.D.N.Y.1982) (Haight, J.), aff'd, 710 F.2d 928 (2d Cir.1983) (Cardamone, J.) and Sumitomo Corp. v. Parakopi Compania Maritima, 477 F.Supp. 737 (S.D.N.Y.1979) (Werker, J.), aff'd, 620 F.2d 286 (2d Cir.1980) are not to the contrary for in those cases the parties had agreed to arbitrate in New York, supporting an inference of consent to the New York court's enforcement of the award. See also Reed & Martin, Inc. v. Westinghouse Electric Corp., 439 F.2d 1268 (2d Cir.1971) (Clarie, J.); Chicago Bridge & Iron Co. v. Islamic Republic of Iran, 506 F.Supp. 981 (N.D.Ill. 1980).
Since I conclude that the petition must be dismissed for lack of jurisdiction over the person of the respondent, it is unnecessary to deal with Saudi's other contentions.
Petition dismissed.
SO ORDERED.